**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7154

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD LEE BANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:11-cr-00034-FL-2)

Submitted:  April 18, 2024                               Decided:  April 19, 2024

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald Lee Banks, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Lee Banks, a federal prisoner, appeals the district court's order construing his petition for a writ of error coram nobis as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it on that basis.[*] Banks claims that the court erred in construing his petition as a § 2255 motion and that he can seek relief in a petition for writ of error coram nobis because he has no other available remedies. However, coram nobis is an extraordinary remedy available only when the movant demonstrates a fundamental error for which a more usual remedy is not available and that he had valid reasons for not attacking his convictions earlier. *United States v. Lesane*, 40 F.4th 191, 197 (2022). And here, Banks is in federal custody, so the more usual remedy for challenging the validity of his convictions—a § 2255 motion—is available. *See id.* Furthermore, because Banks could have raised the challenge he asserted in his petition on direct appeal or in his first § 2255 motion but did not do so, he has not shown that valid reasons exist for not contesting his convictions earlier. *See id.* Accordingly, we conclude that the district court correctly construed Banks' petition as a successive § 2255 motion. We therefore affirm the district court's order.

Additionally, consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Banks' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional dismissal of Banks' petition as an unauthorized, successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Banks' claims do not meet the relevant standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*